**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4782

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HARVEST MAURICE SLOAN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:17-cr-00628-MGL-1)

Submitted: April 20, 2022                 Decided: May 12, 2022

Before MOTZ and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** John M. Ervin, III, ERVIN LAW OFFICE, P.A., Darlington, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvest Maurice Sloan appeals his conviction and 120-month sentence imposed after a jury found him guilty of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by denying Sloan's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. Sloan filed a pro se brief asserting his conviction was invalid because the police lacked probable cause to initiate the stop and search that revealed the firearm and ammunition forming the basis for the charge, and claiming the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Sloan also argues the district court erred by imposing a sentencing enhancement for obstruction of justice. Sloan filed a supplemental pro se brief challenging his conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and moved to file an additional brief supplementing his *Brady* and *Rehaif* claims. The Government declined to file a responsive brief. After an examination of the record in accordance with *Anders* and for the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Sloan challenges the search of the car in which he was a passenger and the seizure of a backpack and its contents, which included, among other items, a firearm and Sloan's identification. However, "[a] passenger in a car normally has no legitimate expectation of privacy in an automobile in which he asserts neither a property interest nor a possessory interest . . . ." *United States v. Carter*, 300 F.3d 415, 421 (4th Cir. 2002). The person challenging the search bears the burden of establishing a reasonable expectation of privacy

2

in the searched area. *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2019). Sloan did not establish an ownership or possessory interest in the vehicle, and he did not have a reasonable expectation of privacy in the vehicle or its contents. He therefore lacks standing to challenge the search.

Sloan next challenges his conviction, alleging that the Government committed a *Brady* violation. "*Brady* requires the disclosure by the [G]overnment of evidence that is both favorable to the accused and material to guilt or punishment." *United States v. Caldwell*, 7 F.4th 191, 207 (4th Cir. 2021) (cleaned up). However, "the mere suppression of favorable evidence [does not necessarily] entitle the defendant to relief." *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011). "[S]trictly speaking, there is never a real *Brady* violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Id.* (internal quotation marks omitted). "No due process violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

During Sloan's cross-examination of one of the responding officers, Sloan discovered that the driver of the vehicle in which he was riding at the time of his arrest made a statement to the police claiming ownership of the firearm, and that the statement had been recorded. The Government was unaware of the recording, and it had not been disclosed to Sloan during discovery. The district court paused the proceedings and told the Government to secure the recording from the arresting officer and to promptly turn it over to Sloan. The Government did so. Sloan used the recording upon resuming his cross-

3

examination of the officer and during his direct examination of the officer during the defense's case. Sloan also introduced the recording into evidence and played it for the jury. We conclude that the recording was disclosed in time for Sloan to use it effectively at trial and, therefore, that he is not entitled to relief under *Brady*.

Counsel questions whether the district court erred when it denied Sloan's motion for a judgment of acquittal. A district court, "on the defendant's motion[,] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted). We must "draw[] all reasonable inferences from the facts" "in the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted). "We will uphold the verdict if . . . it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant "legal question [is] whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence

4

is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

At trial, Sloan stipulated that he had previously been convicted of a felony and that the firearm and ammunition had traveled in interstate commerce. Our review reveals that the district court did not err when it denied Sloan's motion for a judgment of acquittal because sufficient evidence supported the jury's conclusion that Sloan possessed the firearm and ammunition. *See United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (discussing constructive possession). Further, we conclude that Sloan's conviction is valid after *Rehaif*. *See* 139 S. Ct. at 2200 (holding that the Government must "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). To obtain relief based on a *Rehaif* error, the defendant must demonstrate that "if the [d]istrict [c]ourt had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a reasonable probability that he would have been acquitted." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (internal quotation marks omitted). Sloan does not allege that that there was a reasonable probability that the jury would have acquitted him if it had been instructed on the mens rea element. And, in light of Sloan's prior felon-in-possession convictions, we conclude that Sloan has not made "a sufficient argument or representation on appeal that . . . he did not in fact know he was a felon" *Id.* at 2100; *see id.* at 2097-98, and, therefore, that he is not entitled to relief. *See id.* at 2096-97 (stating plain-error standard of review).

Our review of the entire record in accordance with *Anders* has revealed reversible error in the imposition of discretionary conditions of supervised release at sentencing.[*] Because the discretionary conditions of supervised release orally announced by the district court are inconsistent with those listed in the written judgment, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), we vacate the sentence in its entirety and remand for the district court to resentence Sloan, *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021).

In accordance with *Anders*, our review of the entire record has uncovered no other meritorious grounds for appeal. We therefore affirm Sloan's conviction, vacate his sentence, and remand for resentencing. Because we vacate the sentence, we do not address at this juncture Sloan's challenge to his sentencing enhancement. *See id.* at 346-47 (declining to consider additional challenges to original sentence). Further, we grant Sloan's motion to file a supplemental pro se brief and deny his motions to relieve counsel.

This court requires that counsel inform Sloan, in writing, of the right to petition the Supreme Court of the United States for further review. If Sloan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sloan. We dispense with oral argument because the facts and

---

[*] The district court did not have the benefit of *Rogers* and *Singletary* when it sentenced Sloan.

6

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*